IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERMAN E. SIMS, JR.,                    )
                                        )
            Petitioner,                 )
                                        )
vs.                                     )      Case No. 23-CV-3285-SMY
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Herman E. Sims, Jr.'s Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 1). Sims challenges this Court's imposition of 18 months imprisonment and 3 additional years of supervised release upon revocation of his supervised release. The Government responded in opposition to the Petition (Doc. 4). For the following reasons, the Petition is **DENIED.**

## Factual and Procedural Background

Sims is a federal prisoner and is incarcerated at FCI-Greenville. On November 3, 2015, this Court sentenced Sims to 84 months' imprisonment followed by 3 years of supervised release, after he pled guilty to conspiracy to manufacture methamphetamine. *United States v. Sims*, No. 15-cr-40018-SMY-5, Doc. 161 (S.D.Ill. Nov. 3, 2015). On January 23, 2020, Sims was sentenced to a term of 18 months imprisonment and 2 years of supervised release for an escape attempt from a halfway house; the sentence was imposed to run consecutive to the sentence in 15-cr-40018. *United States v. Sims*, No. 19-cr-00307-HEA, Docs. 40, 42 (E.D.Mo. Jan. 23, 2020).

On August 17, 2021, a Petition was filed to revoke Sims' supervised release in both

cases.  The highest-grade violation was Grade B for allegedly committing the state criminal

offenses of Burglary and Theft.  *United States v. Sims*, No. 15-cr-40018-SMY-5, Doc. 234

(S.D.Ill. Aug. 17, 2012); *United States v. Sims*, No. 21-cr-30093, Doc. 3 (S.D.Ill. Aug. 17,

2012).[1]  Following a hearing during which Sims admitted to the allegations in the Petitions,

this Court found Sims guilty of violating is terms of supervised release, revoked both terms of

supervised release, and sentenced him to a total term of 18 months' imprisonment followed by

an additional 3 years of supervised release.[2]  *United States v. Sims*, No. 15-cr-40018-SMY-5,

Docs. 260-263 (S.D.Ill. Sep. 6, 2022); *United States v. Sims*, No. 21-cr-30093, Docs. 35-36

(S.D.Ill. Sep. 12, 2022).  Sims did not file a direct appeal of his sentence, but filed the instant

Petition instead.

## Discussion

An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence

outside of the traditional avenue of appeal. Such relief "is available only in extraordinary

situations," requiring an error of constitutional or jurisdictional magnitude, or other

fundamental defect that resulted in a complete miscarriage of justice.  *Blake v. United*

*States,* 723 F.3d 870, 878 (7th Cir. 2013).

---

[1] Jurisdiction had been transferred to the Southern District of Illinois for supervised release in 19-cr-00307, as Sims lives in this District. *United States v. Sims*, No. 19-cr-00307-HEA, Doc. 46 (E.D.Mo. Jun. 30, 2021).

[2] Sims was sentenced to 12 months' imprisonment and 3 years of supervised release in 15-cr-40018-SMY-5, and 18 months' imprisonment with no term of supervised release in 21-cr-30093, with the terms to run concurrent to each other and consecutive to any state sentence imposed in Washington County, Illinois Case No. 2021CF91.

Here, Sims contends the Court erred because it exceeded the statutory maximum sentence when it sentenced him to a combined term of 18 months' imprisonment and 3 years of additional supervised release (Doc. 1, pp. 3, 5).  But § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal.  *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).  As such, "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."  *Delatorre v. United States,* 847 F.3d 837, 843 (7th Cir. 2017), citing *Hale v. United States,* 710 F.3d 711, 713-14 (7th Cir. 2013).

A petitioner may overcome procedural default by showing cause for the default and actual prejudice, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.  *Cross v. United States,* 892 F.3d 288, 294-95 (7th Cir. 2018).  "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted."  *McCoy v. United States,* 815 F.3d 292, 295 (7th Cir. 2016).

Sims' claim is procedurally defaulted because he did not directly appeal the revocation of his supervised release terms (Doc. 1, p. 4).  He may not overcome his procedural default as he has not established cause for his default or actual prejudice; he has not filed a reply or otherwise raised such arguments.  Because procedural default is fatal to Sims' Petition, it must be dismissed on that basis.  *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) ("A petitioner's failure to satisfy either prong is fatal to his claim").

**Conclusion**

For the foregoing reasons, Herman E. Sims, Jr.'s Petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a

district court's denial of his § 2255 motion, instead, he must first request a certificate of

appealability.  *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003).  A petitioner is entitled to

a certificate of appealability only if he can make a substantial showing of the denial of a

constitutional right.  *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014).

Under this standard, Sims must demonstrate that "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El,*

537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Sims has not made a substantial showing that this Petition was not procedurally

defaulted.  Nor has he demonstrated that reasonable jurists would disagree with the Court's

analysis.  Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:  May 1, 2024**

**STACI M. YANDLE**
**United States District Judge**